IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TRANSCRIPT OF PROCEEDINGS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:16-cr-00221 |
| vs. | |
| MICHAEL KOSTENKO, | December 2, 2016 |
| Defendant. | |

ARRAIGNMENT HEARING

BEFORE THE HONORABLE OMAR J. ABOULHOSN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the United States: MR. MILLER A. BUSHONG, III
U.S. Attorney's Office
U.S. Courthouse & IRS Complex
110 Heber Street, Room 261
Beckley, WV 25801

For the Defendant: MR. E. WARD MORGAN
Attorney at Law
3217 Cumberland Road
Bluefield, WV 24701

Court Reporter: Lisa A. Cook, RPR-RMR-CRR-FCRR

Proceedings recorded by mechanical stenography; transcript produced by computer.

P R O C E E D I N G S

THE COURT: Good morning.

The matter the Court has on the record this morning -- on the docket this morning is the arraignment and detention hearing in the case of the *United States of America* vs. *Michael Kostenko*. It's Case Number 5:16-cr-00221.

Would counsel please note your appearance for the record.

MR. BUSHONG: Miller Bushong for the United States, Your Honor. With me is Sergeant Brad Burner with the West Virginia State Police.

THE COURT: Thank you.

MR. MORGAN: Ward Morgan on behalf of Dr. Kostenko who is present and seated to my right.

THE COURT: Thank you.

Mr. Kostenko, would you please rise and take the oath given by the clerk.

**MICHAEL KOSTENKO, DEFENDANT, SWORN**

THE COURT: Please remain standing for me.

Mr. Kostenko, you have the right to remain silent. Anything you say may be used against you.

Would you please state your full name for the record?

THE DEFENDANT: Michael Merritt Kostenko.

THE COURT: And do you understand -- first of all, you have a copy -- you have been provided a copy of the

indictment in this case; is that correct?

THE DEFENDANT: Yes.

THE COURT: All right. Do you understand the indictment and what you're charged with?

THE DEFENDANT: Only still yet in the broadest, most general sense, yes.

THE COURT: Okay. Have you had the opportunity to discuss the charges with your attorney, Mr. Morgan?

THE DEFENDANT: Yes. But, again, as far as anything specific, no.

THE COURT: Okay.

MR. MORGAN: Your Honor, we went over the indictment yesterday at the Southern Regional and discussed a number of other matters. And we'll take that up here in a moment. I have a request for the Court if --

THE COURT: Well, we'll deal with that here in just a moment.

Mr. Kostenko, would you like for me to read the indictment out loud to you?

THE DEFENDANT: If it's the same indictment I read on Wednesday, I did read that.

THE COURT: My question simply, sir, is do you want me to read it out loud to you? I'm going to take your plea on it, so I need to know if you understand what you're getting ready to plead to.

THE DEFENDANT: Okay. Maybe that would be best.

THE COURT: You want me to read it out loud to you?

THE DEFENDANT: Sure.

THE COURT: Okay. It reads:

*"United States of America* vs. *Michael Kostenko*."

The Grand Jury charges in Counts One through Seventeen that, "At all relevant times including on about the dates identified in the chart below, at or near Daniels, Raleigh County, West Virginia, and within the Southern District of West Virginia, defendant Michael Kostenko, D.O., knowingly and intentionally distributed oxycodone, a Schedule II controlled substance, as identified in the chart below, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice, as follows:"

Count One is Patient Number 2. The date the prescription was written was February 23, 2016. The controlled substance was Oxycontin. The prescriber number was 215352. The pharmacy number was 2396222.

Count Two is Patient Number 3. The date the prescription was written was February 8th, 2016, for oxycodone. The prescriber number was 214665. The pharmacy number was 02063771.

Count Three was Patient 4. The date the prescription

was written was December 19, 2013, for oxycodone. The prescriber number was 161847. The pharmacy number was 1333887.

Count Four, Patient Number 6. The prescription was written on February 29th, 2016, for oxycodone. The prescriber number was 215562. The pharmacy number was 6264258.

Count Five. The patient number was 7. The date the prescription was written was January 11, 2016, for oxycodone. The prescriber number was 212836. The pharmacy number was 6363209.

Count Six is for Patient Number 8. The prescription was written on 3-17, 2014, for oxycodone. The prescriber number was 166951. The pharmacy number was 2015562.

Count Seven, Patient Number 9. February 10, 2016, oxycodone. The prescriber number was 214916. The pharmacy number was 2064123.

MR. MORGAN: Your Honor, he's willing to waive the, the remainder of the indictment, reading of the indictment.

THE COURT: You don't want me to continue reading the rest of this indictment?

THE DEFENDANT: I'm caught up with you now.

THE COURT: Okay. So you want me to cease reading this or do you want me to continue reading it?

THE DEFENDANT: If we could zip to Page --

THE COURT: 3?

THE DEFENDANT: -- 3.

THE COURT: I'd be glad to.

Count Number 18:

"On or about January 2, 2013, at or near Daniels, Raleigh County, West Virginia, and within the Southern District of West Virginia, defendant Michael Kostenko, D.O., knowingly and intentionally distributed a quantity of oxycodone, a Schedule II controlled substance, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice, under prescriber number, prescription number 140509, and pursuant to pharmacy prescription number 6521, which distribution resulted in the death of Patient 1 from the subsequent use of the prescribed oxycodone, in violation of Title 21, United States Code, Section 841(a)(1)."

Count Number Nineteen:

"On or about February 10, 2016, at or near Daniels, Raleigh County, West Virginia, and within the Southern District of West Virginia, defendant Michael Kostenko, D.O., knowingly and intentionally distributed a quantity of oxycodone, a Schedule II controlled substance, not for legitimate medical purposes in the usual course of

professional medical practice and beyond the bounds of medical practice, under prescriber number, RX number 214944, and pursuant to pharmacy RX number 684322, which distribution resulted in the death of Patient 5 from the subsequent use of the prescribed oxycodone, in violation of Title 21, United States Code, Section 841(a)(1)."

Count Twenty:

"On or about January 25, 2016, at or near Daniels, Raleigh County, West Virginia, and within the Southern District of West Virginia, defendant Michael Kostenko, D.O., knowingly and intentionally distributed a quantity of oxycodone, a Schedule II controlled substance, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice, under prescriber RX number 213329, and pursuant to pharmacy RX number 79526, which distribution resulted in the death of Patient 15 from the subsequent use of the prescribed oxycodone, in violation of Title 21, United States Code, Section 841(a)(1)."

And the last page is a Notice of Forfeiture.

"The Grand Jury realleges and incorporates by reference the allegations contained in Counts One through Twenty herein, alleging criminal forfeiture pursuant to Title 21, United States Code, Section 853(a), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal

Procedure 32.2; to-wit:

"The United States notifies the defendant, Michael Kostenko, D.O., charged in Counts One through Twenty that, upon his conviction of any such offense, the United States will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense or offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense or offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to the following:

"Real property known and numbered as 3050 C&O Dam Road, Daniels, Raleigh County, West Virginia, 25832, including all improvements, fixtures, and appurtenances thereto."

And it's signed by Carol Casto, United States Attorney, by Miller Bushong, Assistant United States Attorney.

So do you understand what I just read to you, sir?

THE DEFENDANT: Yes.

THE COURT: All right. So, Mr. Kostenko, as to the charges contained in the indictment, how do you plead? Guilty or not guilty?

THE DEFENDANT: Not guilty.

THE COURT: Thank you. Your case has been

assigned to Judge Irene Berger and your trial is scheduled for January the 30th, 2017, at 9:00 a.m. here in Beckley.

Counsel, if any courtroom technology is required for use at trial or any other proceedings, counsel is to notify the Court's technology staff. A certification that the Court's technology staff has been notified shall be filed with the clerk no later than five business days before the scheduled commencement of the trial or other proceedings.

This Court's going to hold a hearing on pre-trial matters in this courtroom on January 23rd, 2017, at 10:00 in the morning here in Beckley.

Mr. Kostenko, you and your counsel may be seated at this time.

Have the parties signed the standard discovery requests?

MR. MORGAN: We have, Your Honor. Permission to approach?

THE COURT: Yes, sir.

All right. The Court's going to enter that order. And also the Court's going to enter a standard order that Judge Berger requires me to enter. And that is that any deadlines for filing superseding indictments shall be filed no later than 30 days before the trial.

Other pre-trial motions are due by January 16th, 2017. Proposed jury instructions and proposed *voir dire* questions

are due by January 20th, 2017. And a witness list is due in Judge Berger's chambers by January 26th, 2017.

I would also ask counsel to please make sure that Judge Berger's law clerks get copies of all motions at the time of the original filing in the Clerk's Office.

And counsel are directed to give 30 days notice to the United States Marshal's Service via a writ for the production of out-of-state district -- I'm sorry -- out-of-district, in-custody defendants or witnesses and to cancel those requests for production if their appearance becomes unnecessary.

Now, we're going to move into the detention hearing at this time. Have the parties had an opportunity to review the Pre-Trial Services Report?

MR. MORGAN: We have, Your Honor.

THE COURT: Are there any additions or corrections you'd like to make to that record?

MR. MORGAN: Just a couple of clarifications.

On Page 3 Dr. Kostenko contends that he, he has no savings account. There is a checking account, but it doesn't have -- it might have the $200 in it, but he doesn't have $48,000 in his possession. And, so -- but we would ask that -- it's a checking account rather than a, than a savings account.

THE COURT: So you're saying the asset is a

checking account and not a savings account?

MR. MORGAN: That's correct. And there's only a couple hundred dollars in it. So I guess that's correct under the amount portion there. But -- and I assume it's all subject to the tax lien, or the federal lien.

THE COURT: Right. I believe the liabilities are listed on the right of that that indicates there's a lien against that.

MR. MORGAN: And also on Page 3 the -- his license was revoked by the West Virginia Board of Osteopathic Medicine rather than just the Board of Medicine. And these are just clerical matters.

THE COURT: I understand that. Where are you referring to that at?

MR. MORGAN: On Page 3, the first paragraph, from '84 to 2016.

THE COURT: Okay. I see that. Thank you.

MR. MORGAN: And I think that's all.

THE COURT: Okay. The United States has filed a motion for detention in this matter. And I believe that the motion indicates that they're relying upon the rebuttable presumption in this matter. So I believe the burden at this stage is with Mr. Kostenko.

MR. MORGAN: Your Honor, I would ask if we could have a little time. I've spoken with the Government this

morning, and I think there are some matters that have surfaced that, that he needs to be present and, and hear some things.

And we're prepared to go forward with the detention hearing, but I do think that if we could have just maybe 20 minutes, a half hour or so just so my client and I could meet with the investigator and the Government and --

THE COURT: I'll be glad to give you that time.

MR. MORGAN: -- discuss some issues, I think that it, it may eliminate the need for a detention hearing.

THE COURT: Certainly.

Do you have any objection to that?

MR. BUSHONG: I have no objection to that at all, Your Honor, just one housekeeping matter before we break.

THE COURT: Sure.

MR. BUSHONG: The United States was prepared this morning to file a motion to disqualify Christina Kostenko as counsel in this case.

I understand from an earlier conversation with Mr. Morgan that that will be unnecessary and moot because he's been represented to -- he's been appointed to represent Dr. Kostenko in this case, and he advises me that he will be the only counsel. And that in the event there is co-counsel, as the Court, the phrase the Court used on Wednesday, it would be a CJA approved attorney.

With that representation by Mr. Morgan who says he's going to file a notice of appearance later today, I take it that that matter is moot and unnecessary to bring up. But I do want to make sure that the record is clear --

THE COURT: I think --

MR. BUSHONG: -- that she appeared on Wednesday.

THE COURT: Absolutely. And I think the record does reflect that she appeared. And let the record reflect she's present in the courtroom at this time as well. And she represented that she was representing her father at that time.

Ms. Kostenko, do you mind to approach just one second, please? Just come on up here to the podium if you don't mind.

Ms. Kostenko, you had appeared on Wednesday when your father was present in the courtroom and represented that you were representing him on that day.

MS. CHRISTINA KOSTENKO: Yes, Your Honor.

THE COURT: Do you -- you at this time no longer represent him in this matter?

MS. CHRISTINA KOSTENKO: Correct, Your Honor.

THE COURT: All right. So you withdraw any representation of him?

MS. CHRISTINA KOSTENKO: Yes, Your Honor.

THE COURT: All right. Thank you very much.

I think the record is absolutely clear on that now. So Mr. Morgan, according to the docket that I've seen, he is considered counsel of record and he's the only counsel of record at this time.

MR. BUSHONG: Thank you, Your Honor.

THE COURT: So what we're going to do is we're going to recess until 11:30. That gives you about 30 minutes. Okay?

MR. MORGAN: Thank you, Your Honor.

THE COURT: So we'll be in recess.

(Recess taken from 11:02 a.m. until 11:49 a.m.)

THE COURT: Okay, we're back on the record in this matter.

Are you ready to go forward with the detention hearing?

MR. MORGAN: Your Honor, after discussing with Dr. Kostenko as well as with -- discussions with the Government, we are prepared to waive any challenge to the detention request today, although we would reserve the right to revisit this issue at a later date, sooner rather than later.

THE COURT: Okay.

Are you agreeable with that, Mr. Bushong?

MR. BUSHONG: I do, Your Honor.

THE COURT: All right. Based upon the motion for detention that was filed in this matter, the Court's going

to find at this time by a preponderance of the evidence that the defendant is a flight risk and by clear and convincing evidence that he's a danger to others and the community.

Therefore, the Court finds that there's no condition or combination of conditions that exist that would reasonably assure his release and he's going to be detained and remanded to the custody of the United States Marshal's Service at the conclusion of this hearing.

Is there anything else we need to take care of today?

MR. MORGAN: Your Honor, just this Waiver of Rights form. Dr. Kostenko would request that he be present --

THE COURT: That's just provided just in case, but it's certainly not required for him to --

MR. MORGAN: No, that's --

THE COURT: He wants to be present for all the proceedings?

MR. MORGAN: Yes.

THE COURT: Okay.

Is there anything else on behalf of the Government?

MR. BUSHONG: Your Honor, could both counsel get copies of the Pre-Trial Services Report regarding the criminal history?

THE COURT: Yes, sir. They'll be disclosed.

MR. MORGAN: And, Your Honor, if we could get the

grand jury -- matters before the grand jury? Do I have to do that by separate motion?

THE COURT: I think you do that by separate motion.

MR. BUSHONG: It will be done as a matter of course. It's contained within the arraignment order.

THE COURT: Oh, that's right. Okay.

Anything further on behalf of the Government?

MR. BUSHONG: No, Your Honor.

THE COURT: Anything further on behalf of the defendant?

MR. MORGAN: No, sir.

THE COURT: All right. The defendant will be remanded back to the custody of the United States Marshal's Service.

Court will be in recess.

(Proceedings concluded at 11:53 a.m.)

I, Lisa A. Cook, Official Reporter of the United States District Court for the Southern District of West Virginia, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability, from the record of proceedings in the above-entitled matter.

s\Lisa A. Cook                December 13, 2016

Reporter                Date