IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             CRIMINAL ACTION NO. 5:16-cr-00221

MICHAEL KOSTENKO, D.O.,

        Defendant.

## ORDER

The Court has reviewed a number of victim impact statements and requests for restitution, as well as the United States' list of potential victim witnesses who may wish to testify at the Defendant's sentencing. Under Fourth Circuit precedent, only victims of the offense of conviction may be entitled to restitution. *United States v. Freeman*, 741 F.3d 426, 434 (4th Cir. 2014) (relying on the definition of "victim" contained in both 18 U.S.C. § 3663A and § 3663). The definition of "victim" contained in 18 U.S.C. § 3771 is similar, and most courts to consider the question have concluded that the rights contained in that statute, including the right to testify, are likewise limited to victims of the offense of conviction. *See, e.g.*, *United States v. Sharp*, 463 F. Supp. 2d 556, 564 (E.D. Va. 2006).

Upon careful review, the purported victims appear to be victims of relevant conduct, including counts of the indictment that are to be dismissed under the terms of the plea agreement, and not of the offense of conviction. Therefore, after careful consideration, the Court **ORDERS** that the requests for restitution be **DENIED**, and **NOTIFIES** the United States that only victim

impact statements from victim(s) of the offense of conviction will be heard at the sentencing hearing. The Court further **ORDERS** that counsel for the United States promptly notify the purported victims of this order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 21, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA